UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR ADAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:05-cr-00008-GZS |
| | ) 2:16-cv-00320-GZS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Arthur Adams moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 57.) Following a guilty plea, Petitioner was convicted in 2005 of being a felon in possession of a firearm; the Court sentenced Petitioner to 192 months in prison. (Judgment, ECF No. 27 at 1-2.) The First Circuit affirmed the sentence. (*United States v. Adams*, No. 05-2261 (1st Cir. Mar. 29, 2006).) In his section 2255 motion, Petitioner challenges his sentence based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). In his reply, he also argues that he is entitled to relief under *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016). (Reply, ECF No. 64 at 2.) Specifically, Petitioner argues that several of the prior convictions on which his Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), sentence was based no longer qualify as ACCA predicate offenses after *Johnson* and *Mathis*. (Reply at 1-2.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in February 2005 for being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 924(e).  (Indictment, ECF No. 1.)  The indictment alleged several prior state felonies, of which two Massachusetts convictions for unarmed burglary are at issue here: (1) a 1994 conviction (three counts) (Middlesex Cty. Sup. Ct., No. 1994-00104); and (2) a 1992 conviction (Middlesex Cty. Sup. Ct., No. 1992-441).[1]

Petitioner pled guilty to the federal charge in April 2005.  (Minute Entry for Change of Plea Hearing, ECF No. 21.)  At Petitioner's sentencing in 2005, the Court found the facts as set forth in the revised presentence investigation report.  (Sentencing Tr., ECF No. 35 at 19.)  The Court found that Petitioner was an armed career criminal within the meaning of section 924(e), based on at least three prior violent felonies; the Court,

---

[1] Several other prior convictions are not at issue:

The Government does not argue in its sur-reply that Petitioner's 1994 Massachusetts conviction for breaking and entering a dwelling in the daytime (nine counts) (Middlesex Cty. Sup. Ct., No. 1994-104) qualifies as a predicate offense under 18 U.S.C. § 924(e), following *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016).  (Sur-reply, ECF No. 67 at 2.)  The Government concedes that Petitioner's 1986 Maine aggravated assault conviction (Me. Super. Ct., Cum. Cty., No. 86-763) would not qualify as a predicate offense under the force clause of section 924(e)(2)(B)(i), following *Bennett v. United States*, Nos. 1:94-cr-11-GZS, 1:16-cv-251-GZS, 2016 WL 3676145, 2016 U.S. Dist. Lexis 87254 (D. Me. July 6, 2016).  (Response, ECF No. 60 at 9.)  However, the Government preserves its objection as to the Maine aggravated assault conviction.  (*Id.*)  The Government concedes that Petitioner's 2000 Connecticut conviction of escape (No. W11D-CR00-0109881-S) does not qualify as a predicate offense after *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  (*Id.* at 2 n.2.)

Petitioner concedes that a 1986 conviction of criminal threatening with a dangerous weapon, in the Maine Superior Court, Cumberland County (No. 85-1806), qualifies as a predicate offense.  (Reply, ECF No. 64 at 1.)

2

therefore, determined, pursuant to USSG § 4B1.4(b)(3)(B), that Petitioner's adjusted offense level was 33, rather than an otherwise applicable lower level.[2]  (Sentencing Tr. at 19.)  Three levels were subtracted because Petitioner accepted responsibility, and thus the

---

[2] Title 18 U.S.C. § 924(e)(1) states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Section 924(e)(2)(B) defines "violent felony":

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that –
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 4B1.4 of the sentencing guidelines provides in part:

> (a)   A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.
>
> (b)  The offense level for an armed career criminal is the greatest of:
>
>   (1)  the offense level applicable from Chapters Two and Three; or
>
>   (2)  the offense level from § 4B1.1 (Career Offender) if applicable; or
>
>   (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. 5845(a)*; or
>
>   (B) 33, otherwise.*
>
> *If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

total offense level was 30.  (*Id.*)  The Court found the Petitioner's criminal history to be a Category VI, which, combined with a total offense level of 30, yielded a guidelines range of 168 to 210 months in prison.  (*Id.* at 19-20.)  The Court increased the lower end of the range to 180 months, pursuant to USSG § 5G1.1(c)(2), based on the statutory minimum of 180 months, pursuant to 18 U.S.C. § 924(e)(1).  (*Id.* at 20.)[3]

The Court next considered the sentencing factors, pursuant to 18 U.S.C. § 3553(a), and it focused particularly on the need for just punishment, deterrence, and public protection.  (*Id.* at 21.)  The Court ordered the 192-month term of imprisonment to be followed by a term of five years of supervised release.  (*Id.* at 22; Judgment at 2-3.)

Petitioner states that he signed his section 2255 motion on May 11, 2016, and it was filed on May 16, 2016.[4]  (Motion at 1.)

## II.   DISCUSSION

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*,

---

[3] The Court's reference to a lower end of the guideline range as 120 months, directly after the Court said the lower end was to be modified to 180 months, appears to have been unintended. (Sentencing Tr., ECF No. 35 at 20.)

[4] Petitioner's motion did not contain a declaration that Petitioner made the allegations under penalty of perjury, pursuant to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires that the section 2255 motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." *See* 28 U.S.C. § 1746. This recommended decision assumes, without recommending a decision on the issue, that if the Court did not dismiss the motion, the Court would permit Petitioner to file a version that contained the required declaration.

37 F.3d 769, 772 (1st Cir. 1994).  Petitioner's motion argues essentially that the sentence is unconstitutional under *Johnson*, and that, under *Mathis*, Petitioner no longer has the requisite three qualified predicate offenses for armed career criminal status.

In *Johnson*, the Supreme Court "struck down the 'residual clause' of the [ACCA] as unconstitutionally vague."[5]  *Pakala v. United States*, 804 F.3d 139, 139 (1st Cir. 2015) (per curiam).  In *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."  Thus, in cases in which *Johnson* applies, a section 2255 motion that would otherwise be untimely under section 2255(f)(1), may be considered timely under section 2255(f)(3).[6]

---

[5] In *Johnson*, --- U.S. ---, 135 S. Ct. 2551 (2015), the Supreme Court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. [18 U.S.C. § 922(g)]. In general, the law punishes violation of this ban by up to 10 years' imprisonment. [18 U.S.C. § 924(a)(2)]. But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States,* 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S. Ct. at 2555-56.  The Court held that the residual clause is unconstitutionally vague.  *Id.* at 2557.

[6] Title 28 U.S.C.§ 2255(f) provides:

The Supreme Court, however, explicitly limited its holding in *Johnson* to exclude claims based on challenges to "the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. Burglary is one of the offenses enumerated in section 924(e)(2)(B)(ii) of the ACCA. Petitioner's prior burglary offenses are within the enumerated crimes clause and, therefore, *Johnson* is inapplicable to Petitioner's case.

Based on *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), Petitioner nevertheless argues that his prior burglaries do not qualify as violent felonies under the enumerated crimes clause of section 924(e)(2)(B). The *Mathis* decision, however, is not pertinent to Petitioner's claim. *Mathis* does not apply retroactively to Petitioner's claim because the Supreme Court has not recognized *Mathis* "as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review," and *Mathis* therefore "cannot be read as triggering a new one-year period for habeas relief under 28 U.S.C. § 2255(f)(3)." *Dimott*, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at

---

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

\*6-7; *see Mathis*, 136 S. Ct. at 2251-52 (noting that the Court's prior precedent, including *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276, 2283 (2013), indicated the rule was not new); *United States v. Taylor*, --- F. App'x ---, 2016 WL 7093905, at \*4, 2016 U.S. App. Lexis 21701, at \*12 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule," and citing, *inter alia*, *Dimott*, 2016 WL 6068114, at \*3, 2016 U.S. Dist. Lexis 142354, at \*6-7). Because *Mathis* is not retroactively applicable to cases on collateral review, it does not apply to Petitioner's case.

Even if the Supreme Court had given *Mathis* retroactive effect, Petitioner would not have been entitled to relief. *Mathis* is one of a line of cases involving the statutory interpretation of the term "burglary" as used in section 924(e)(2)(B)(ii). *See Mathis*, 136 S. Ct. at 2247-50; *Shepard v. United States*, 544 U.S. 13, 23 (2005) ("We are, after all, dealing with an issue of statutory interpretation.") (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). In *Mathis*, the Supreme Court recognized the long-standing rule that a prior conviction will not qualify as an ACCA predicate unless "its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2247. The Court held that the inclusion of land, water or air vehicles, as well as buildings and structures, in Iowa's burglary statute rendered the "locational element" of the crime broader than generic burglary, which includes only buildings and structures. *Id.* at 2250. The Supreme Court held that the Eighth Circuit erred when it affirmed the district court's use of a modified categorical approach, which had permitted a review of the record to determine the location where the burglary took place, because under the ACCA, "it is impermissible for 'a particular crime [to] sometimes count towards enhancement and sometimes not, depending

7

on the facts of the case.'" *Id.* at 2250-51 (quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990)).

Unlike the statute at issue in *Mathis*, the Massachusetts unarmed burglary statute, which has not been amended since Petitioner's 1992 and 1994 offenses, is not broader than generic burglary. Mass. Gen. Laws, ch. 266, § 15. The statute provides:

> Whoever breaks and enters a dwelling house in the night time, with the intent mentioned in the preceding section, or, having entered with such intent, breaks such dwelling house in the night time, the offender not being armed, nor arming himself in such house, with a dangerous weapon, nor making an assault upon a person lawfully therein, shall be punished by imprisonment in the state prison for not more than twenty years and, if he shall have been previously convicted of any crime named in this or the preceding section, for not less than five years.

*Id.* The Massachusetts unarmed burglary statute contains a single locational element, in that the offense must have occurred in a dwelling house. *See id.*; *Taylor*, 495 U.S. at 593 & n.6 (noting that "[o]nly a few states retain the common-law definition [of burglary], or something closely resembling it") (citing, *inter alia*, Mass. Gen. Laws, ch. 266, § 15). Because the Massachusetts offense of unarmed burglary is not broader than generic burglary, *Mathis* would have been inapplicable to Petitioner's case, even if the Supreme Court had held that *Mathis* had retroactive effect in collateral cases.[7]

---

[7] Petitioner has more than the minimum three previous convictions required under section 924(e)(1) for armed career criminal status, given that his 1992 and 1994 burglary convictions, and the 1986 conviction of criminal threatening with a dangerous weapon, all qualify as predicates. The 1994 conviction alone counts as three predicates because, according to the revised presentence investigation report, the indictment alleged that Petitioner burglarized the homes of three different victims on two dates in 1993. These offenses were "committed on occasions different from one another," under section 924(e)(1), and therefore each qualifies as a predicate offense. *See United States v. Mastera*, 435 F.3d 56, 59-60 (1st Cir. 2006) ("Whether two crimes occurred on separate occasions within the meaning of the ACCA 'requires a case-by-case examination of the totality of the circumstances.'") (quoting *United States v. Stearns*, 387 F.3d 104, 108 (1st Cir. 2004)). In *Stearns*, the First Circuit held that two burglaries against the same victim on consecutive days "each represented a distinct ACCA 'occurrence.'" 387 F.3d at 109.

In short, Petitioner does not have a claim under either *Johnson* or *Mathis*.

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of March, 2017.